**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| JOHNSON MUTUAL FUNDS TRUST AND JOHNSON INVESTMENT COUNSEL, INC., individually and on behalf of all others similarly situated.<br><br>    Plaintiffs,<br><br>    v.<br><br>TRANSOCEAN LTD. and STEVEN L. NEWMAN,<br><br>        Defendants. | CIVIL ACTION NO.:  H-10-3487 |

**DANICA PENSION A/S'S OPPOSED MOTION TO INTERVENE TO TRANSFER**
***JOHNSON II* TO THE SOUTHERN DISTRICT OF NEW YORK**

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ......................................................................................................1

PROCEDURAL BACKGROUND...................................................................................................1

I.      JOHNSON INITIALLY FILES IN NEW YORK ................................................................2

II.     NOTICE OF *YUEN* IS PUBLISHED ..................................................................................2

III.    DANICA AND TWO OTHER PLAINTIFFS SEEK APPOINTMENT AS LEAD
        PLAINTIFF............................................................................................................................2

IV.     JOHNSON FILES A MOTION BEFORE THE MDL SEEKING CENTRALIZATION
        IN NEW YORK......................................................................................................................3

V.      JUDGE BUCHWALD DENIES JOHNSON'S REQUEST TO STAY LEAD
        PLAINTIFF BRIEFING, JOHNSON FILES *JOHNSON II* ..................................................3

VI.     THE MDL DENIES JOHNSON'S MOTION FOR CENTRALIZATION IN TEXAS ......4

ARGUMENT ....................................................................................................................................5

I.      DANICA SHOULD BE GRANTED PERMISSION TO INTERVENE ............................5

        A.      Danica Should Be Granted Intervention As Of Right ........................................... 6

                1.      Danica's Motion Is Timely ....................................................................... 6

                2.      As A Class Member And Lead Plaintiff Movant, Danica Has A Direct
                        And Substantial Interest In This Litigation............................................... 8

                3.      Johnson Is Impeding Danica's Presumptive Right As The Most Adequate
                        Plaintiff ..................................................................................................... 9

                4.      Danica's Interests Are Not Adequately Represented By Johnson.............. 9

        B.      Dancia Meets the Standard for Permissive Intervention..................................... 10

II.     *JOHNSON II* SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF
        NEW YORK UNDER SECTION 1404(a)........................................................................11

III.    THE "FIRST TO FILE" RULE SUPPORTS THE TRANSFER OF *JOHNSON II* TO
        THE SOUTHERN DISTRICT OF NEW YORK............................................................14

CONCLUSION..............................................................................................................................15

i

## PRELIMINARY STATEMENT

Lead plaintiff movant Danica Pension A/S ("Danica") respectfully moves to intervene in order to transfer *Johnson Mutual Funds Trust, et al., v. Transocean Ltd. et al.*, No. 10-cv-03487 (S.D. Tex.) ("*Johnson II*") to the Southern District of New York.[1]  A nearly identical, related action has been pending for months in the Southern District of New York before the Honorable Naomi Reice Buchwald and fully briefed motions for appointment as lead plaintiff under the Private Securities Litigation Reform Act of 1995 ("PSLRA") are pending there.[2]  *See* 28 U.S.C. §1404(a).  Transfer of *Johnson II* is also supported by the "first to file" rule. *See Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999); *In re Enron Corp. Sec., Der. & "ERISA" Litig.*, MDL No. 1446, Nos. H-04-0324, *et al.*, 2007 WL 4365756, at *4 (S.D. Tex. Dec. 10, 2007) ("The Fifth Circuit follows a first-to-file rule").

 On December 8, 2010, counsel for Danica conferred with counsel for Johnson and for Defendants.  Defendants do not oppose Danica's motion to intervene or its request to transfer *Johnson II* to the Southern District of New York.  Johnson does oppose.

## PROCEDURAL BACKGROUND

The procedural background underlying this Motion to Intervene is important to understand the propriety of Danica's motion.   To place Danica's request in the proper context, Danica respectfully provides the following summary of the procedural background in the Transocean securities litigation.

---

[1]        *Johnson II* is a class action lawsuit alleging that Transocean Ltd. ("Transocean" or the "Company") and one of its officers violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). *Johnson II* is filed by Johnson Investment Counsel, Inc. and Johnson Mutual Funds Trust (collectively, "Johnson").

[2]        Judge Buchwald will hold a hearing on the pending motions on December 17, 2010.

## I.     JOHNSON INITIALLY FILES IN NEW YORK

*Johnson II* is plaintiff Johnson Investment Counsel, Inc.'s second such complaint. The initial action, *Johnson I*, was filed in the United States District Court for the Southern District of New York on June 8, 2010.[3] Two other actions, *Yuen* and *Foley*, also were filed against Transocean and its officers alleging that the Defendants violated Sections 10(b) and 20(a) under the Exchange Act.[4] Each action similarly pleads that the Defendants misled investors about the risks of investing in the Company by, *inter alia*, misrepresenting Transocean's operations and safety records. *See generally, Johnson II,* Compl. at ¶1.[5]

## II.     NOTICE OF *YUEN* IS PUBLISHED

Pursuant to the PSLRA, notice of *Yuen* – the first filed action – was published on May 13, 2010. *See In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 439 (S.D. Tex. 2002) (discussing PSLRA's notice requirements).  The notice alerted investors to the filing and advised class members of their right to move for appointment by July 12, 2010, the statutory lead plaintiff deadline.

## III.     DANICA AND TWO OTHER PLAINTIFFS SEEK APPOINTMENT AS LEAD PLAINTIFF

On July 12, 2010, three movants, Danica, Johnson, and the Employees' Retirement System of the Government of the Virgin Islands ("Virgin Islands"), filed timely motions seeking

---

3       *See Johnson Investment Counsel, Inc., v. Transocean Ltd., et al.*, No. 10-cv-4515-NRB (S.D.N.Y. filed June 8, 2010) ("*Johnson I*").  Like *Johnson II, Johnson I* alleged that Transocean and its officers violated Section 10(b) and 20(a) under the Exchange Act.

4       *Yuen, et al. v. Transocean, Ltd., et al.,* No. 10-cv-1467 (E.D. La. filed May 13, 2010; voluntarily dismissed on September 2, 2010); *Foley v. Transocean  Ltd.*, Civ. No. 10-cv-5233-NRB (S.D.N.Y. filed July 9, 2010).

5       The falsity of Transocean's disclosures began to surface after the April 20, 2010 explosion aboard the Company's Deepwater Horizon semi-submersible rig.  At the time of the disaster, the Deepwater Horizon was drilling for oil in the Gulf of Mexico in a well primarily owned by BP p.l.c. ("BP").  The disaster aboard the Deepwater Horizon was followed by the largest oil spill in the history of the United States.

2

appointment as lead plaintiff in the relevant courts (the Southern District of New York and the Eastern District of Louisiana). *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) (within sixty days of the publication of notice, any member of the proposed class may apply to be appointed as lead plaintiff).

IV.   **JOHNSON FILES A MOTION BEFORE THE MDL SEEKING CENTRALIZATION IN NEW YORK**

On July 21, 2010, Johnson filed a motion before the Judicial Panel on Multidistrict Litigation ("MDL") seeking to centralize related actions (*Johnson I* and *Yuen*) in the Southern District of New York – where it had filed its complaint. *See* Declaration of Sean M. Handler in Support of Danica Pension A/S's Motion to Intervene to Transfer *Johnson II* to the Southern District of New York ("Handler Decl.") at Ex. A. *Foley* was identified as a "tag along" action to *Johnson I* on July 28, 2010. *See id.* at Ex. B. As noted by Johnson's MDL motion, "much of the key evidence will be located in or around the ***Southern District of New York*** where Transocean disseminated its fraudulent statements and where Transocean maintained contact with the financial community." *See id.* at Ex. A at p. 11.[6] Johnson's MDL motion was followed by an agreed stay of further lead plaintiff briefing pending a ruling by the MDL.[7]

V.   **JUDGE BUCHWALD DENIES JOHNSON'S REQUEST TO STAY LEAD PLAINTIFF BRIEFING, JOHNSON FILES *JOHNSON II***

After initially seeking centralization in New York, on reply, Johnson abruptly changed its position and decided to seek centralization in the Southern District of Texas. On September 3, 2010, *Yuen*, the only action filed outside of New York (at that time), was voluntarily dismissed,

---

6      Page citations in Handler Decl. at Ex. A are to Johnson's Memoranda of Law in Support of it Motion.

7      *See* Handler Decl. at Ex. C (*Johnson I,* Stipulated Order Regarding Adjournment and Extension of Deadlines (filed July 29, 2010)).

depriving the MDL of jurisdiction over *Foley* and *Johnson I* (both of which were pending before Judge Buchwald).  *See* Dkt. No. 18 at Ex. A.[8]

On September 15, 2010, Johnson requested that Judge Buchwald hold lead plaintiff briefing in abeyance pending an anticipated filing of a "notice of tag-along action" seeking to relate the Transocean securities fraud actions (*Johnson I* and *Foley*) to the securities action involving BP, which is now pending before the Honorable Keith P. Ellison.  *See* Dkt. No. 18 at Ex. B.  Danica opposed Johnson's request.  *Id.* at Ex. C.  On September 17, 2010, Judge Buchwald ordered briefing to continue.  *Id.* at Ex. D.  Ten days later, Johnson dismissed *Johnson I*.  *See* Dkt. No. 20 at 2 (MDL Order).  As noted by the MDL, "[Johnson] expressly cited the pendency of *Foley* as one of the grounds for [dismissing *Johnson I*] . . . .  ***Notwithstanding that representation***, [Johnson] then immediately commenced [*Johnson II*] . . . in the Southern District of Texas."  *Id.*[9]  *Johnson II* was filed ***eighty (80) days after*** *Foley* was filed in the Southern District of New York and ***seventy-seven (77) days after*** the PSLRA lead plaintiff deadline expired.  *Cf. Enron*, 206 F.R.D. at 439-40 ("The statute is unequivocal and imposes precise time requirements; therefore all motions for appointment of Lead Plaintiff must be filed within sixty days of the published notice").  Lead plaintiff briefing was completed before Judge Buchwald on October 8, 2010.

## VI.   THE MDL DENIES JOHNSON'S MOTION FOR CENTRALIZATION IN TEXAS

After filing *Johnson II*, Johnson filed a second motion before the MDL seeking centralization in this Court.  Danica, Virgin Islands and Defendants opposed Johnson's motion,

---

8        Unless otherwise noted, "Dkt. No. __" refers to docket entries in *Johnson II*.

9        All emphases herein are added unless otherwise noted.

4

arguing that the Southern District of New York is the appropriate forum.  *See* Dkt. No. 20 at 1.
The MDL denied Johnson's motion on November 30, 2010.  *Id.*

The MDL's November 30, 2010 Order leaves nearly identical complaints against
Transocean and its officers in this Court and the in the Southern District of New York.  *Johnson
II* and *Foley* both allege claims under Section 10(b) of Exchange Act, against common
defendants and over identical class periods (August 5, 2009 through June 1, 2010).  In order to
avoid unnecessary duplication of efforts and potentially inconsistent rulings, Danica respectfully
suggests that *Johnson II* should be transferred to the Southern District of New York.  Danica
seeks permission to intervene to provide the Court arguments supporting its position.[10]

## ARGUMENT

## I.      DANICA SHOULD BE GRANTED PERMISSION TO INTERVENE

Danica moves to intervene under Rule 24(a)(2) of the Federal Rules of Civil Procedure,
which governs intervention as of right, or, in the alternative, under Rule 24(b)(1)(B), which
allows for permissive intervention.  Danica's motion seeks to organize the class litigation against
Transocean in one court.  Even if Danica's motion is denied, this Court may *sua sponte* transfer
*Johnson II* to New York under Section 1404(a).  *See Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d
758, 761 (5th Cir. 1989) (transfers under Section 1404 may be made *sua sponte*); *Barnet v. Elan*

---

10      In addition to *Foley*, another case against Transocean, *Bricklayers & Masons Local Union No. 5 Ohio
Pension Fund v. Transocean, Ltd., et al.*, No. 10-cv-7498 (S.D.N.Y.), is pending in New York.  *See* Dkt. No. 20 at 1
n.1 ("The Panel has been notified of one additional related action, but, like *Foley*, that action is pending in the
Southern District of New York").  *Bricklayers* alleges violations under Sections 14(a) and 20(a) of the Exchange Act
for statements made in a proxy statement issued in October 2007 on behalf of investors of GlobalSantaFe
Corporation ("GlobalSantaFe").  GlobalSantaFe merged with Transocean.  On October 22, 2010, the Honorable
Laura Taylor Swain, who is presiding over *Bricklayers*, denied the Defendants' request to relate *Bricklayers* to
*Foley*.  *See* Handler Decl. at Ex. D (memo endorsed order dated Oct. 22, 2010).  Motions for appointment as lead
plaintiff in the *Bricklayers* action were filed on December 3, 2010, and Judge Swain scheduled a hearing on January
7, 2011 in the case.  Thus, there are now two class action lawsuits alleging Exchange Act violation against
Transocean pending in the Southern District of New York.  *See* Dkt. No. 20 at 1.

*Corp.*, 236 F.R.D. 158, 163 (S.D.N.Y. 2005) ("a court can transfer a case on its own initiative" under Section 1404(a)).[11]

### A.     Danica Should Be Granted Intervention As Of Right

Fed. R. Civ. P. 24(a)(2) provides: "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).  The Fifth Circuit follows a four-part test to determine whether intervention is warranted.  *See In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247 (5th Cir. 2009).  "The four parts of the intervention test are . . . (1) timeliness, (2) an interest relating to the action, (3) that the interest would be impaired or impeded by the case, and (4) that the interest is not adequately represented by existing parties."  *Id.*  Danica meets each of these requirements.

### 1.     Danica's Motion Is Timely

The Fifth Circuit has identified four factors to consider when assessing the timeliness of a motion to intervene:  "(1) the length of time between the would-be intervenor's learning of his interest and his petition to intervene, (2) the extent of prejudice to existing parties from allowing late intervention, (3) the extent of prejudice to the would-be intervenor if the petition is denied, and (4) any unusual circumstances."  *Id.* at 247-48.  The facts before the Court establish that

---

11     Danica is seeking to intervene for the limited purpose of organizing related actions.  Accordingly, Danica will not be filing a pleading under Rule 24(c).  Where, as here, the limited grounds for intervention are clear, no pleading is required.  *See Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) ("Courts, including this one, have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion").

Danica's motion is timely.  *See In re Enron Corp. Sec., Derivative & ERISA Litig.*, No. MDL-1446, Civ. A. H-01-3624, 2004 WL 405886, at *33 (S.D. Tex. Feb. 25, 2004) ("[T]imeliness is not limited to chronological considerations, but 'is to be determined from all the circumstances.'").

First, Danica's motion is filed days after the MDL issued its order denying Johnson's motion.  Second, the parties to *Johnson II* would not suffer any prejudice if Danica is permitted to intervene.[12]   There have been no substantive developments in *Johnson II* and the relief requested by Danica – transfer to the Southern District of New York – is consistent with the relief sought by the Defendants before the MDL and, at one point, by Johnson.  *See* Dkt. No. 20 at 1 (noting that the Defendants "prefer the Southern District of New York as transferee district").

Third, Danica would be prejudiced if *Johnson II* were not transferred.  Fully briefed motions for appointment as lead plaintiff are pending before Judge Buchwald.  As a lead plaintiff movant and class member in the pending actions, Danica has an interest in seeing that the actions are prosecuted expeditiously and in compliance with applicable law (including the lead plaintiff provisions under the PSLRA).[13]   Danica's interests are prejudiced if *Johnson II* is permitted to continue in this Court while an identical, earlier action is pending in the Southern District of New York.

---

12      To the contrary, if Johnson had filed its complaint originally in the Southern District of Texas and prior to the expiration of the PSLRA's 60-day deadline, Danica would have also filed its lead plaintiff in this Court and would be a party to the action.

13      Rather than promote a legitimate objective, Johnson's filing in this Court after filing *Johnson I* and moving for appointment as lead plaintiff in New York, is intended to evade binding Second Circuit authority requiring the denial of its pending motion.  Johnson's tactics do nothing to advance the class's (including class member Danica's) claims.  *See e.g.,* Dkt. No. 20 at 2 n.2 (summarizing arguments regarding Johnson's effort to evade Second Circuit authority).

Finally, Johnson's conduct has created an unusual procedural predicament for interested parties and has forced Danica to seek intervention. As noted by the MDL:

> [T]he Panel is presented with the **curious situation** in which the moving party [Johnson] was previously willing to litigate in, and indeed sought centralization in, District X [New York], but now, for whatever reason, has commenced a new action in, and seeks centralization in, District Y [Texas]. Moreover, **it is only the existence of the moving party's newly filed action in District Y that gives the litigation its multidistrict character**. We are not persuaded that this situation warrants Section 1407 centralization.

Dkt. No. 20 at 2.

### 2.   As A Class Member And Lead Plaintiff Movant, Danica Has A Direct And Substantial Interest In This Litigation

Johnson's gamesmanship has significantly impeded the efficient prosecution of the class's claims. The delay and waste created by Johnson's actions illustrate that it has no interest in serving as a fiduciary for absent class members. Moreover, Johnson's filing in this Court, after originally filing in New York, and then arguing that a connection exists between this case and the BP securities litigation impacts all investors' claims.[14]   The lead plaintiff – not Johnson – is responsible for making litigation decisions for the class. *See In re Bank of America Corp. Sec. Litig.*, No. 09 MDL 2058, 2010 WL 1438980, at *2 (S.D.N.Y. Apr. 9, 2010) ("in a securities class action, a lead plaintiff is empowered to control the management of the litigation as a whole"). The significance of Danica's losses and its presumptive position as the most adequate plaintiff under the PSLRA are directly impacted by Johnson's actions. As such, Danica has a direct and substantial interest in this litigation.

---

14   The veracity of any arguments by Johnson suggesting that the cases against BP and Transocean must be litigated in one court to promote efficiency is questionable. Indeed, Johnson was fully aware of any common issues between the two cases given that it also filed a class action lawsuit alleging violations under the federal securities laws against BP in June 2010 in the Western District of Louisiana. *See Johnson Inv. Counsel, Inc. v. BP, PLC*, Civ. No. 10-cv-0903-RFD (W.D. La. filed June 7, 2010). Nonetheless, it chose to file complaints against BP and Transocean in two different federal districts.

### 3. Johnson Is Impeding Danica's Presumptive Right As The Most Adequate Plaintiff

The PSLRA sets forth the criteria for selecting a lead plaintiff. *See Enron*, 206 F.R.D. at 440. Danica has fully explained why it is the presumptively most adequate plaintiff under the PSLRA.[15] *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff"). Danica's presumptive status is impeded by Johnson who has absolutely no authority to make any strategic decisions for the class. *See Bank of America*, 2010 WL 1438980, at *2.

### 4. Danica's Interests Are Not Adequately Represented By Johnson

Asserting the largest financial interest among the timely filed motions and also meeting the applicable requirements under Rule 23, Danica is presumptively the most adequate plaintiff under the PSLRA. *See Enron*, 206 F.R.D. at 439-42 (discussing process for selecting a lead plaintiff). By definition, Danica's presumptive status cannot be represented by Johnson. *See Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job"). Here, Danica meets each of the necessary elements under Fed. R. Civ. P. 24(a)(2) and should be permitted to intervene as a matter of right.

---

15      As set forth in briefing before Judge Buchwald, Johnson is not only an asset manager unable to serve as lead plaintiff under Second Circuit authority, but its financial interest is smaller than Danica's. *See* Handler Decl. at Ex. E at pp. 5-6 & n.7 (Danica Pension A/S's Memorandum of Law in Further Support of its Motion for Appointment as Lead Plaintiff and in Opposition to All Other Lead Plaintiff Motions). Thus, Danica is presumptively the most adequate plaintiff under the plain language of the PSLRA. Johnson has not presented any "proof" to rebut Danica's status. *See Enron*, 206 F.R.D. at 455 ("proof" is needed to rebut the PSLRA's presumption).

**B.      Dancia Meets the Standard for Permissive Intervention**

Even if Danica does not meet the requirements for intervention under Fed. R. Civ. P. 24(a)(2), it may nevertheless be granted permission to permissively intervene under Fed. R. Civ. P. 24(b)(1)(B).

The Fifth Circuit has stated that permissive intervention is warranted where: "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *Symetra Life Ins. Co. v. Rapid Settlements Ltd.*, No. H-05-3167, 2006 WL 2382250, at *3 (S.D. Tex. Aug. 16, 2006) (citing *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989)). However, "[t]he 'principal consideration' in a court's exercise of discretion under Rule 24(b) is 'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *Enron*, 2004 WL 405886, at *32 (quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1913, at 379 (West 1986)). Danica meets each of the elements for permissive intervention, and intervention will not prejudice Johnson's or Defendants' rights.

First, as noted above, Danica's request is timely. Second, Johnson and Danica both seek to prosecute violations of the federal securities laws against Transocean and its officers. Here, there is complete commonality between Johnson's claims and Danica's interests. Finally, "[t]his case is at an early stage and intervention will neither delay the proceedings nor prejudice the existing parties." *Symetra*, 2006 WL 2382250, at *6. There have been no substantive rulings in *Johnson II* and Defendants' response to the complaint is not due until January 3, 2011. *See* Dkt. No. 21. As such, Danica satisfies the requirements for permissive intervention. *See Symetra*,

10

2006 WL 2382250, at *3 (permissive intervention should be allowed "where no one would be hurt and greater justice could be attained"); *see also Enron*, 2004 WL 405886, at *32 (courts "appear to be particularly amenable to permissive intervention when no additional issues are presented to the case, when the intervenor's claims are 'virtually identical' to class claims, and when intervention would strengthen the adequacy of class representation") (quoting 3 Herbert Newberg & Alba Conta, Newberg on Class Actions §§ 16.08-.09 (3d ed. 1992)); *In re Lutheran Broth. Variable Ins. Products Co. Sales Practices Litig.*, No. 99-MD-1309 (PAM), 2002 WL 31371945, at *2 (D. Minn. Oct. 7, 2002) (same).[16]

## II.   *JOHNSON II* SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK UNDER SECTION 1404(a)

Johnson's forum shopping has created a procedural quagmire where two nearly identical class action lawsuits against overlapping defendants are pending in two separate courts. *Cf.* Dkt. No. 20 at 2.  There is no legitimate reason for burdening two courts with identical litigation. Moreover, given the international scope of this case and the likelihood that discovery from across Transocean's operations will be required, litigating the action in New York will promote the convenience of all parties.   Accordingly, pursuant to 28 U.S.C. § 1404(a), Danica respectfully requests that the Court transfer *Johnson II* to the Southern District of New York where the *Foley* action has been pending since July 2010 and where fully briefed motions for appointment as lead plaintiff are pending before Judge Buchwald.  Further supporting transfer to New York is the fact that each of the relevant parties – including the Defendants and, at one

---

16      Whether Johnson can adequately represent Danica's interests is not considered under the Rule 24(b) analysis.  *See Enron*, 2004 WL 405886, at *33 ("unlike Rule 24(a), intervention as of right, which allows a party to intervene only where its interests are not adequately represented by current parties, Rule 24(b) contains no such restriction").

point, Johnson – have identified New York as the appropriate forum for this litigation. *See* Dkt. No. 20 at 1-2.

Section 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[17]  The Court has noted a number of private and public interest factors that should be considered in the Section 1404(a) analysis. *See Enron*, 2007 WL 4365756, at *3. However, no single factor is "by itself, is dispositive." *Id.* (citing *In re Volkswagen of America, Inc.*, 506 F.3d 376 (5th Cir. 2007)).

The private interest factors include: "(1) the relative ease of access to sources of proof, (2) the availability of compulsory process to secure the attendance of witnesses, (3) the cost of attendance for willing witnesses, and (4) all the practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at *3.  The public interest factors include: "(1) the administrative difficulties caused by court congestion, (2) the local interest in having localized interests decided at home, (3) the familiarity of the forum with the law that will govern the case, and (4) the avoidance of unnecessary problems of conflicts of laws or in the application of foreign law." *Id.* at *4.[18]

The relevant interest factors support transfer to New York.  Transocean is a Swiss company, with its headquarters in Zug, Switzerland.  The Company has "operations around the globe" and "drills in some 30 countries." *Johnson II*, Compl. at ¶¶2, 18.  When this case progresses to discovery, litigating the case in New York will ease the burden on parties and

---

17    By filing *Johnson I* in the Southern District of New York, Johnson concedes that investors' claims could be litigated in New York.

18    Both Johnson entities are residents of Ohio.  Accordingly, their selection of the Southern District of Texas should not be accorded significant weight. *See Enron*, 2007 WL 4365756, at *4.

third-parties producing documents or sitting for depositions.  Indeed, as noted by Johnson's first MDL motion:

- "much of the key evidence will be located in or around the **Southern District of New York** where Transocean disseminated its fraudulent statements and where Transocean maintained contact with the financial community."  *See* Handler Decl. at Ex. A at p. 11.

- "the analysts who asked the questions that evoked the false statements [from the defendants] are located in the **Southern District of New York**.  Many of the analysts who follow Transocean are **located in New York** or on the east coast."  *Id.* at p. 9.

- "[w]hether Defendants' public statements omitted material facts will be answered based on witnesses **and third party witnesses who reside in New York**. . . ."  *Id.* at p. 15.  *See also Enron*, 2007 WL 4365756, at *3 n.6 ("Convenience of the parties is given less weight than convenience of non-party witnesses").

Johnson's original representations to the MDL are consistent with plaintiffs' theory of liability.  While the disaster aboard the Deepwater Horizon is a significant component of investors' claims, it is not the exclusive basis for liability.  Information across Transocean's global operations will be relevant in establishing the falsity of the Defendants' statements.  *See e.g.,* Handler Decl. at Ex. A at p. 14 (noting "Transocean's gross **corporate-wide systemic safety failures**") *Johnson II*, Compl. at ¶¶35-36 (noting citations issued by Great Britain's Health and Safety Executive); *Johnson I*, Compl. at ¶17 (drilling management services are provided through, *inter alia*, ADT International, "a division of one of the Company's U.K. subsidiaries"); *id.* at ¶ 26 (noting that the Deepwater Horizon lacked an "acoustic switch" and that such switches are used by Transocean's rigs in **Norway** and **Brazil**).  To the extent overseas witnesses and other evidence must be produced in the United States, facilitating production in New York would promote the convenience of all parties, including third-party witnesses.  *See* Handler Decl. at Ex. A at p. 15.  Finally, the Defendants have confirmed that New York is the most appropriate

13

forum.  *Id.* at Ex. F at p. 1 ("the most appropriate forum for consolidation or coordination is the Southern District of New York").

## III.    THE "FIRST TO FILE" RULE SUPPORTS THE TRANSFER OF *JOHNSON II* TO THE SOUTHERN DISTRICT OF NEW YORK

The "first to file" rule warrants the transfer of *Johnson II* to the Southern District of New York.  As this Court previously explained:

> The Fifth Circuit follows a first-to-file rule which states, "[W]hen related cases are pending before two federal courts, the court in which the case was last filed ***may refuse to hear it*** if the issues raised by the cases substantially overlap."  The rule "is grounded in principles of comity and sound judicial administration," and "'the principle of comity requires federal district courts-courts of coordinate jurisdiction and equal rank-to exercise care to avoid interference with each other's affairs.'"  The purpose of the rule is "'to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.'"  The rule does not require that the issues or the parties be identical.  The key question is whether there is substantial overlap between the two cases. Where the overlap is not total, the court in which the later or last suit was filed no longer may decide whether the actions should be allowed to proceed, but ***must transfer the case to the court of the first filed action for it to determine the outcome of the later-filed action, i.e., whether the cases should be consolidated or dismissed***.

*Enron*, 2007 WL 4365756, at *4 (internal citations omitted).

Here, *Johnson II* was filed in this Court ***eighty (80) days after*** *Foley* was filed in the Southern District of New York.  The claims in the two cases are nearly identical, representing the same class of plaintiffs over identical class periods.  Because *Johnson II* is the later filed action, it should be transferred to New York under the "first to file" rule.  *See id.*  Allowing *Johnson II* to continue in this Court while *Foley* is pending in New York creates the very waste and duplication the "first to file" rule seeks to avoid.  *See id.*; *see also Barnet v. Elan Corp.*, 236

F.R.D. 158, 163 (S.D.N.Y. 2005) (ordering parties to show cause why case should not be transferred to district where first securities action was filed).[19]

## <u>CONCLUSION</u>

For the foregoing reasons, Danica respectfully requests the Court grant it permission to intervene in order to transfer *Johnson II* to the Southern District of New York under Section 1404(a).  The Court may also transfer *Johnson II* under the "first to file" rule.

Dated:  December 8, 2010

---

19      Concerns about venue will be addressed by the lead plaintiff.  In any case, given that no lead plaintiff motions have been filed in *Johnson II* it is unclear how Johnson intends to prosecute this action.  Any action by Johnson on behalf of the class without first being appointed lead plaintiff (after the Court considers the filed motions) would be an improper usurpation of the lead plaintiff's authority.  *Cf. Bank of America*, 2010 WL 1438980, at *2.

Respectfully submitted,

**AJAMIE LLP**


/s/ Thomas R. Ajamie
Thomas R. Ajamie
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, TX 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699

**BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP**
Sean M. Handler
Darren J. Check
Naumon A. Amjed
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

-and-

Ramzi Abadou
Erik D. Peterson
580 California Street, Suite 1750
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Counsel for Danica Pension A/S*

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that on December 8, 2010, I conferred with James R. Cummins, Esq., counsel for plaintiffs Johnson Investment Counsel, Inc. and Johnson Mutual Funds Trust (collectively, "Johnson"), regarding Danica Pension A/S's motion to intervene to transfer the action to the Southern District of New York.

Johnson stated that they will oppose Danica Pension A/S's motion.  Accordingly, counsel cannot agree about the disposition of the motion.

      /s/ Sean M. Handler
Sean M. Handler

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that on December 8, 2010, I conferred with John Fleming, Esq., counsel for defendants Transocean Ltd. and Steven L. Newman (collectively, "Defendants"), regarding Danica Pension A/S's motion to intervene to transfer the action to the Southern District of New York.

Defendants do not oppose Danica Pension A/S's motion to intervene to transfer the action to the Southern District of New York.

   /s/ Naumon A. Amjed     
Naumon A. Amjed

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, true and correct copies of the foregoing were electronically served on counsel of record in this matter who are registered the Court's ECF system through ECF notification and on all other counsel of record by first class mail.

This 8th day of December, 2010.

/s/ Thomas R. Ajamie
Thomas R. Ajamie